TRAFFORD OIL & GAS CO. v. COMMIS-
SIONER OF INTERNAL REVENUE. *
No. 5683.

Circuit Court of Appeals, Third Circuit.
June 21, 1935.

Paul E. Hutchinson and Sherriff, Lind-
say, Weis & Hutchinson, all of Pittsburgh,
Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen.,
and Lucius A. Buck and Sewall Key, Sp.
Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY,
and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

While the record in this income tax ap-
peal is large and the facts involved, yet in
the final analysis the case resolves itself in-
to a narrow question. The controlling
stockholders of the Trafford Oil & Gas
Company, a Pennsylvania corporation, the
appellant taxpayer, desired to sell certain
of its assets. To effectuate such purpose,
three of its directors, Wynn, Starr, and
Carson, who were large stockholders, but
who had no authorization from the cor-
poration or its directors, made an option
agreement with the Kingston Corporation
for the sale of such assets. The latter ex-
ercised the option and thereafter the tax-
payer company transferred its said assets
to the Duquesne Gas Corporation, to which
Kingston Corporation had assigned its op-
tion rights. The taxpayer really made the
profit here involved. Subsequently, tax-
payer went into liquidation and was dis-
solved.

*Writ of certiorari denied 56 S. Ct. 154, 80 L. Ed. —.

The contentions of the government and taxpayer are summarized in the opinion of the tax board, as follows:

"The only issue that the parties to this proceeding desire the Board to determine is whether the sale of certain assets to the Duquesne Gas Corporation, nominee of the Kingston Corporation, for which deeds and assignments were delivered on April 10, 1930, was a sale made by or on behalf of the petitioner corporation resulting in the profit derived therefrom being taxable to it.

"The petitioner contends that the sale of the assets to the Duquesne Gas Corporation was not a sale made by or on behalf of it and that the profit derived therefrom is not taxable to it. The respondent contends that the sale of the assets was made by or on behalf of the petitioner and that the profit therefrom is taxable to the petitioner."

The voluminous facts and proceedings here involved are detailed at length in the opinion of the tax board and by reference thereto we avoid needless repetition. Regarding the present case as substantially in line with Hellebush v. Commissioner (C. C. A.) 65 F.(2d) 902, the Board held:

"The sale here involved must be considered as one made by the petitioner to the Duquesne Gas Corporation, the nominee of the Kingston Corporation, and that the profit derived therefrom is taxable to the petitioner. The action of the respondent is therefore sustained."

Finding ourselves in accord therewith, the order of the tax board is affirmed and the appeal dismissed.